FILED by **KS** D.C.

**Mar 7, 2022**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. **22-20082-CR-SCOLA/GOODMAN**

**18 U.S.C. § 371**
**18 U.S.C. § 982**

**UNITED STATES OF AMERICA**

**vs.**

**PETER P. VELEZ,**

    **Defendant.**
_____/

## INFORMATION

The United States Attorney charges that:

## GENERAL ALLEGATIONS

At all times material to this Information:

### The Paycheck Protection Program

1.    The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering from the economic effects caused by the COVID-19 pandemic.  One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

2.    In order to obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan.  In the PPP

loan application (Small Business Administration ("SBA") Form 2483), the small business (through its authorized representative) was required to provide, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

3.      A PPP loan application was processed by a participating lender.  If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA.  Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

4.      PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities.  The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

### The Defendant, Related Entities and Individuals

5.      Agathe Construction, Inc. ("Agathe Construction") was a Florida corporation with its listed principal address in Miami, Florida.

6.      Defendant **PETER P. VELEZ**, a resident of Miami, Florida, was the President and registered agent of Agathe Construction.

7.      Bank 1 was a financial institution based in Salt Lake City, Utah that was insured by the Federal Deposit Insurance Corporation ("FDIC").  Bank 1 was an approved SBA lender of PPP loans.

8.      Bank Processor 1 was a third-party company processor, based in San Jose, California, that processed PPP loan applications for Bank 1.

9.      Individual 1 was a resident of Broward County, Florida.

### Conspiracy to Commit Wire Fraud
### (18 U.S.C. § 371)

From on or about June 8, 2020, and continuing through on or about November 10, 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### PETER P. VELEZ,

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with Individual 1, and with others known and unknown to the United States Attorney, to commit an offense against the United States, that is, to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

### PURPOSE OF THE CONSPIRACY

10.     It was the purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent applications for loans and grants made available through the SBA to provide

relief for the economic effects caused by the COVID-19 pandemic, including PPP loans; (b) offering, paying, and receiving kickbacks in return for referring other individuals for the submission of false and fraudulent loan applications; and (c) diverting fraud proceeds for the defendant's and co-conspirators' personal use, the use and benefit of others, and to further the conspiracy.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and his co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

11.     **PETER P. VELEZ**, Individual 1, and other co-conspirators submitted and caused the submission of a fraudulent PPP loan application for Agathe Construction, via interstate wire communications.

12.     The PPP loan application submitted by **PETER P. VELEZ**, Individual 1, and other co-conspirators for Agathe Construction included falsified payroll tax forms, among other things, and falsely and fraudulently represented the borrowing entities' number of employees and amount of monthly payroll.

13.     **PETER P. VELEZ** paid Individual 1 a kickback in exchange for facilitating and obtaining a fraudulent PPP loan in the name of Agathe Construction.

14.     As a result of the false and fraudulent PPP loan applications submitted as part of this conspiracy, Bank 1 and other participating banks disbursed millions of dollars in PPP loan proceeds, which were transferred to **PETER P. VELEZ**, Individual 1, and other co-conspirators via interstate wire transmissions. **VELEZ** was personally associated with at least one fraudulent PPP loan application that requested proceeds in the amount of approximately $794,287.

4

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish its object and purpose, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

1.      On or about June 8, 2020, Individual 1 submitted a PPP loan application on behalf of Agathe Construction to Loan Processor 1.  The application form, which was electronically signed on behalf of "Peter Velez," requested a loan for Agathe Construction based on the defendant's false and fraudulent claim that his company had 51 employees and payroll expenses of $3,812,585.12 for the year 2019.

2.      On or about June 11, 2020, **PETER P. VELEZ** received, via an electronic wire, $794,287.50 in PPP loan proceeds, which were deposited in his corporate bank account in the name of Agathe Construction.

3.      On or about June 15, 2020, **PETER P. VELEZ** wrote a cashier's check in the amount of $158,000 and made payable to Individual 1.  This payment represented a 20% kickback payment that **VELEZ** owed to Individual 1 in exchange for facilitating and obtaining a fraudulent PPP loan in the name of Agathe Construction.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATIONS

1.      The allegations contained in this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **PETER P. VELEZ**, has an interest.

2.      Upon conviction of a violation of Title 18, United States Code, Section 371, as alleged in this Information, the defendant shall forfeit to the United States any property

constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation pursuant to Title 18, United States Code, Section 982(a)(2)(A).

3.      If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(2)(A), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

YISEL VALDES
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

PETER P. VELEZ,

_____ Defendant. _____ /

CASE NO._____

**CERTIFICATE OF TRIAL ATTORNEY\***
**Superseding Case Information:**

**Court Division:** (Select One)

[✓] Miami    [ ] Key West    [ ] FTL
[ ] WPB      [ ] FTP

New defendant(s)    [ ] Yes    [ ] No
Number of new defendants    _____
Total number of counts    _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) **No** _____

   List language and/or dialect _____

4. This case will take ___0___ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I    0 to 5 days       [✓]
   II   6 to 10 days      [ ]
   III  11 to 20 days     [ ]
   IV   21 to 60 days     [ ]
   V    61 days and over  [ ]

   (Check only one)
   Petty         [ ]
   Minor         [ ]
   Misdemeanor   [ ]
   Felony        [✓]

6. Has this case previously been filed in this District Court? (Yes or No) **No**_____

   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) **No**_____

   If yes: Magistrate Case No. _____

   Related miscellaneous numbers: _____

   Defendant(s) in federal custody as of _____

   Defendant(s) in state custody as of _____

   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No) **No**_____

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No**_____

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**_____

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **No**_____

_Yisel Valdes_
Yisel Valdes
Assistant United States Attorney
Court ID No.    A5502330

\*Penalty Sheet(s) attached

REV 3/19/21

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## <u>PENALTY SHEET</u>

**Defendant's Name:**   Peter P. Velez

**Case No:** _____

Count #: 1

Conspiracy to Commit Wire Fraud

18 U.S.C. § 371

**\*Max. Penalty:** 5 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| PETER P. VELEZ, | ) | |
| | ) | |
| *Defendant.* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year.  I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*


_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*


_____
*Judge's signature*

_____
*Judge's printed name and title*