**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-cr-20082-ALTMAN**

**UNITED STATES OF AMERICA,**

*v.*

**PETER P. VELEZ,**

*Defendant.*
_________________________________/

## ORDER

The Defendant, Peter P. Velez, has filed a Motion for Early Termination of Supervised Release (the "Motion") [ECF No. 32].[1] Our statutory authority to terminate a term of supervised release arises under 18 U.S.C. § 3583(e)(1), which provides, in pertinent part, as follows: "The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release[.]" Of course, "[t]he court need not articulate the applicability of each factor," *United States v. Douglas*, 576 F.3d 1216, 1219 (11th Cir. 2009) (cleaned up), because "modification of a term of supervised release is a matter of discretion," *United States v. Jimenez*, 2017 U.S. Dist. LEXIS 137740, at *1 (M.D. Fla. Aug. 28, 2017) (Dalton, J.); *see also United States v. Perry*,

[1] Our Defendant styled his Motion as a motion for "early termination of *probation*[.]" Motion at 1. But his Motion is better construed as one for termination of his supervised release. *See* United States' Opposition to Defendant's Motion for Early Termination of Supervised Release ("Opposition") [ECF No. 34] (referring to the Motion as "the defendant's Motion for Early Termination of Supervise Release"); *United States v. Jackson*, 268 F. App'x 873, 875 (11th Cir. 2008) ("Congress eliminated parole and replaced it with a new system of supervised release."). Because our Defendant is *pro se*, we'll therefore "ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion" as one for termination of supervised release "to create a better correspondence between the substance of [the] *pro se* motion's claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381–82 (2003).

397 F. App'x 521, 522 (11th Cir. 2010) (per curiam) ("We review cases involving modification of supervised release under § 3583(e) for abuse of discretion.").

On May 23, 2022, Velez pled guilty to one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371. *See* Plea Agreement [ECF No. 15] at 1. The Defendant has completed his prison sentence (27 months) and is now serving a three-year period of supervised release. *See* Judgement [ECF No. 24] at 1–3. The Defendant was also ordered to pay "$730,585.38 in restitution." Judgement at 6. While his supervised-release term is not scheduled to terminate until May 6, 2027, the Defendant now asks us to terminate his supervised release because he "has complied with the terms and conditions of his probation and has made every effort to fulfill all requirements and obligations imposed by this Court," and because he has "maintained employment and has continued working toward being a responsible and productive member of the community." Motion at 1. He also tells us that he was recently laid off from his employment and, therefore, "early termination would materially assist [him] in obtaining and maintaining stable employment, including legitimate employment opportunities outside his current district." *Id.* at 1–2.

We've considered the Defendant's Motion, his history and characteristics, and his conduct while on supervised release, and we find that the factors set out in 18 U.S.C. § 3553(a) counsel against early termination. *First*, Velez's assertion that he "has complied with the terms and conditions" of his supervised release isn't true. Motion at 1. As the Government points out, Velez "still owes a significant amount of restitution, has an outstanding balance of $717,646.38, and [ ] has missed some of his mandatory restitution payments." United States' Opposition to Defendant's Motion for Early Termination of Supervised Release ("Opposition") [ECF No. 34] at 3. The Government and Probation therefore object to early termination because Velez "is currently noncompliant with his supervised release terms" due to his "missed restitution payments[.]" *Ibid.* Even without these missed payments, 18 U.S.C. § 3553(a)(7) requires us to consider "the need to provide restitution to any victims

of the offense." § 3553(a)(7). "The goal [of supervised release] is, in part, to facilitate training and rehabilitation, including restitution." *United States v. Reagan*, 162 Fed. Appx. 912, 914 (11th Cir. 2006). The fact that Velez "still owes a significant amount of restitution" and "has an outstanding balance of $717,646.38," Opposition at 3, demonstrates the need for "continued supervision to ensure that he pays back as much of his restitution judgment as possible," *id.* at 5.

*Second*, we agree with the Government that early termination of *this* Defendant's term of supervised release would disserve the "purposes listed in 18 U.S.C. § 3553(a)(2), which include reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, affording adequate deterrence, protecting the public from the defendant's further crimes, and providing the defendant with appropriate correctional treatment." *United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2020) (cleaned up). Velez used PPP loans to pay "(i) his aunt and sister for personal loans they had made to him; (ii) his personal credit card bills; (iii) the rent for his place of residence; and (iv) made monthly car and insurance payments." Opposition at 2. Velez's "fraud in this case was significant," and an order requiring him to serve out the full term of his supervised release will reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence. *Id.* at 5.

*Third*, the Defendant's supervised-release conditions are not a meaningful impediment to his ability to pursue employment that may require him to work or travel outside the District. We agree with the Government that "[p]lenty of defendants who are on supervised release in this district can travel for work outside of the district as long as they seek permission from the Court, and keep their Probation Officers informed of their travel itinerary." Opposition at 5.

In sum, while we commend the Defendant for his forward progress, § 3583 doesn't provide for early termination based solely on a defendant's (disputed) compliance with the terms of his supervision. "Full compliance, after all, is merely what is expected of all people serving terms of

supervised release." *Karacsonyi v. United States*, 1998 WL 401273, at *1 (2d Cir. June 10, 1998); *see also United States v. Reisner*, 2008 WL 3896010, at *1 (N.D. Fla. Aug. 20, 2008) (Mickle, J.) (denying motion for early termination because the defendant failed to "demonstrate exceptionally good behavior or other extraordinary circumstances sufficient to warrant early termination of her supervised release"). Velez has not established "something exceptional or extraordinary" that warrants early termination because—in the words of one of our colleagues—"being a productive member of society and exhibiting good behavior is what is expected of every individual, especially those who have been convicted of a criminal offense and are currently serving a term of supervised release." *United States v. West*, 2011 WL 1458723, at *1 (M.D. Ga. Apr. 15, 2011) (Lawson, J.).

* * *

After careful review, therefore, we **ORDER and ADJUDGE** that the Defendant's Motion for Early Termination of Supervised Release [ECF No. 32] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on October 7, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: Peter P. Velez, *pro se*
counsel of record